# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2021-KA-00603-COA

ADISA JEMEL BRAZIEL                                        APPELLANT

v.

STATE OF MISSISSIPPI                                        APPELLEE

| | |
|---|---|
| DATE OF JUDGMENT: | 05/17/2021 |
| TRIAL JUDGE: | HON. CHRISTOPHER LOUIS SCHMIDT |
| COURT FROM WHICH APPEALED: | HARRISON COUNTY CIRCUIT COURT, SECOND JUDICIAL DISTRICT |
| ATTORNEY FOR APPELLANT: | OFFICE OF STATE PUBLIC DEFENDER BY: MOLLIE MARIE McMILLIN |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: SCOTT STUART |
| DISTRICT ATTORNEY: | WILLIAM CROSBY PARKER |
| NATURE OF THE CASE: | CRIMINAL - FELONY |
| DISPOSITION: | AFFIRMED - 10/25/2022 |
| MOTION FOR REHEARING FILED: | |

## BEFORE CARLTON, P.J., WESTBROOKS AND LAWRENCE, JJ.

## LAWRENCE, J., FOR THE COURT:

¶1.    On September 22, 2021, Adisa Braziel was convicted of burglary. He was sentenced as a habitual offender to serve life imprisonment without eligibility for parole. Braziel appealed his conviction and sentence. His attorney filed a *Lindsey* brief,[1] certifying that there were no arguable issues for appeal. Braziel received an order allowing forty days to file any supplemental briefing identifying any issue he wanted this Court to address. Braziel failed to file a brief. Based upon our review of the record and Braziel's attorney's brief, we find

---

[1] *Lindsey v. State*, 939 So. 2d 743 (Miss. 2005).

there are no arguable issues on appeal. Therefore, we affirm Braziel's conviction and sentence.

**FACTS**

¶2. On June 14, 2018, Kiera Buckley called 911 and asked for help. She told the operator that her ex-boyfriend Braziel was in her apartment and would not leave her alone. She also told the operator that Braziel had hit and choked her. Buckley gave the operator her neighbor Robert Ragsdale's address and then told Braziel the police were on their way. Buckley then ran into Ragsdale's apartment and locked the door. Braziel cut the screen on Ragsdale's window in an attempt to get into the apartment. Braziel then kicked the door to Ragsdale's apartment open and ran through the apartment with a knife, threatening to kill Buckley. Two police officers responded to the call and arrested Braziel. On January 22, 2019, a Harrison County grand jury indicted Braziel as a non-violent habitual offender for burglary of a dwelling. *See* Miss. Code Ann. §99-19-81 (Rev. 2014). Two prior convictions supported the habitual-offender status. The first was a felony conviction of aggravated assault, and the second was a felony conviction of unlawful possession of a firearm.

¶3. A jury trial was held on September 22 and September 23, 2020. The State called several witnesses. One witness was Brandon Franovich, an officer with the Biloxi Police Department. He testified that on the night of June 14, 2018, he was on patrol with Officer Brandon Clark. Franovich testified that he was dispatched to the Fernwood Apartments. Franovich stated that he was "given a suspect's name, [and he] was informed it was a domestic assault." He stated that the suspect's name was Adisa Braziel. He was also

2

informed that Buckley was the alleged victim.

¶4.     Franovich testified that when he arrived, he "could hear various yelling between a male and a female." He stated that when he and his partner approached the apartment door, he noticed it had been "forced in." Franovich explained that the "frame was busted open. The door was open, it appeared as though it had been kicked or forced somehow." Franovich stated that when he entered the apartment, he saw a man trying to "intervene" between two individuals arguing. Franovich testified that he saw Braziel "lunging or reaching towards the female" in a "small kitchen area." Franovich confirmed that the female was Buckley. He stated Buckley had a "small kitchen knife," but she was not attempting to attack Braziel. Franovich stated that the female's "back [was] all the way against the wall. Between her and the exit was . . . Braziel."

¶5.     Franovich stated he told Braziel to "get on the ground," but Braziel did not comply with his orders. Franovich then discharged his taser because Braziel was "acting in an aggressive nature." Franovich stated that this entire altercation took place in an apartment belonging to Robert Ragsdale. According to Franovich both Ragsdale and Braziel told him what had occurred prior to Franovich's arrival at the scene. He stated that at no point in time did Buckley appear to be a threat to Braziel. Franovich explained that once he reviewed his body-camera footage, he realized Braziel had a large kitchen knife in his hand, and the knife had fallen under the table after Braziel was tased.

¶6.     The State also called Brandon Clark, an officer with the Biloxi Police Department. Clark also responded to the 911 call Buckley had made on June 14, 2018. He stated that he

knew Buckley had called 911 in response to an altercation between her and her ex-boyfriend Braziel. Clark stated that when he arrived on the scene, a group of people were "gesturing towards a building that was just to the west of where" he parked. He testified that he heard a man and woman screaming. He also heard what "sounded like the female . . . yelling 'help.'" Clark stated that the door "had been forced open . . . . [T]he doorframe was attached to the actual door. The deadbolt of the door was engaged still, which means it was stuck out like it had been attached to the doorframe."

¶7.     Clark testified that he entered the home and saw Ragsdale and Braziel in the kitchen. He stated that Braziel matched the description of the suspect the 911 operator had described. Clark testified that he saw Braziel facing Buckley, and he "was making some motions." Clark stated that Buckley "was backed up against the wall," and Braziel was not complying with Franovich's orders, so Franovich used his taser. Clark stated that once Braziel was detained, he noticed Buckley was standing with her back against the wall and her hands drawn to her body.

¶8.     Clark testified that after Braziel was arrested, he read Braziel his *Miranda* rights.[2] Clark testified that Braziel agreed to speak with him about the incident. Braziel told Clark that he did have an argument with Buckley, and the argument started in Buckley's apartment. Braziel told him that Buckley left her apartment and went to Ragsdale's apartment because Braziel "scared her." Clark also testified that Braziel admitted to "breaking into . . . Ragsdale's door."

---

[2] *Miranda v. Arizona*, 384 U.S. 436, 439 (1966).

¶9.     The jury saw both Franovich's and Clark's body-camera footage from June 14, 2018. They also saw photographs of Buckley and the doorframe and cut screen, and they heard the 911 call Buckley had made.

¶10.    The State then questioned Ragsdale, the owner of the apartment where the altercation occurred. Ragsdale testified that Buckley and Braziel were arguing on the night Buckley asked to use his phone and called the police. He explained that Buckley walked back outside and told Braziel that he needed to leave because the police were coming and then "heard footsteps like they was running . . . when she ran inside my apartment [and] . . . locked the door."[3] Ragsdale said that Buckley and Braziel continued to argue "throughout the door" when Braziel started "hitting his shoulder . . . to my window screen" and then "cutting the screen" and lastly "kicking the door." He stated that Braziel kicked his door at least ten times, and when he finally came in, "[Braziel] ran through the door with a knife saying, 'I'm going to kill you, I'm going to kill you.'"

¶11.    Ragsdale explained that he viewed these events from his living room and that Buckley stood behind him, but she ran into the kitchen when Braziel came in the apartment. Ragsdale said that Braziel grabbed the mop and had a knife in his hand and that Buckley and Braziel continued to argue in the kitchen. Buckley threw the pots that were on the stove and the "iron part to the stove" at Braziel. When asked if Ragsdale attempted to intervene, he replied, "No, sir, I was trying to break it up, trying to get them out my house. Trying to pull him out away from her . . . by the back of his shirt." He said that Braziel did not have

---

[3] Ragsdale testified that Buckley locked the bottom latch and security latch.

5

permission to be in his apartment.

¶12.    Next, the State questioned Sergeant Kris Hines of the Biloxi Police Department. Hines was assigned to the Criminal Investigations Division and also responded to the 911 call. Hines testified that "[t]he screen to the left of the door had a slash in it, and then the door had obviously been kicked in" and confirmed that a knife was recovered. He also stated that Franovich's body-camera footage showed "a knife in the air" when Clark and Franovich first made contact with Braziel.

¶13.    Hines also testified that he interviewed Buckley at her apartment, separating both Ragsdale and her, and described Buckley as "in shock" with a "blank stare on her face." Hines stated that Buckley declined to pursue charges.[4]  Hines later interviewed Braziel. Braziel admitted to kicking the door into [Ragsdale's] apartment. Hines explained that Braziel told different versions of the events such as "barely forc[ing] the door open" and causing "the frame to barely rip" or "the trim to barely rip."

¶14.    On September 23, 2020, a jury convicted Braziel of burglary. He was sentenced as a habitual offender to life imprisonment without eligibility for parole. Braziel filed a motion for judgment notwithstanding the verdict or a new trial, but the trial court denied the motion. Braziel appealed from the order denying his post-trial motion to challenge his conviction and sentence.

¶15.    On November 10, 2021, Braziel's attorney filed a *Lindsey* brief certifying that after

---

[4] Hines testified that Buckley was only able to file a charge against Braziel for domestic assault. Buckley was not authorized to file a charge against Braziel for burglary of a dwelling because the apartment did not belong to her.

review, the record presented no arguable issues for appeal. His attorney also requested that the Court give Braziel time to submit a brief. On November 17, 2021, the Mississippi Court of Appeals granted Braziel forty days to file a pro se supplemental brief to identify any legal issues he wanted this Court to address. Braziel never submitted a supplemental brief.

## ANALYSIS

¶16. Braziel's counsel filed a *Lindsey* brief, stating that the case presented no arguable issues for appeal. Under *Lindsey*, appellate counsel must do the following when representing an indigent criminal defendant who counsel believes does not have any arguable issues on appeal: (1) "file and serve a brief in compliance with Mississippi Rule of Appellate Procedure 28(a)(1)-[(5), (8)]"; (2) certify in the brief that there are no arguable issues on appeal;[5] and (3) send a copy of the brief to the indigent criminal defendant. *Lindsey*, 939 So. 2d at 748 (¶18). Braziel's counsel followed the requirements set out in *Lindsey*, and Braziel filed no supplemental brief. Further, this Court has reviewed the record on appeal. We find no errors and affirm Braziel's conviction and sentence.

## CONCLUSION

¶17. Upon review of the record, this Court concludes that there are no arguable issues on appeal. Therefore, we affirm Braziel's conviction and sentence.

¶18. **AFFIRMED.**

---

[5] To show there are no arguable issues, counsel must "specifically examin[e]: (a) the reason for the arrest and the circumstances surrounding arrest; (b) any possible violations of the client's right to counsel; (c) the entire trial transcript; (d) all rulings of the trial court; (e) possible prosecutorial misconduct; (f) all jury instructions; (g) all exhibits, whether admitted into evidence or not; and (h) possible misapplication of the law in sentencing." *Lindsey*, 939 So. 2d at 748 (¶18).

**BARNES, C.J., CARLTON AND WILSON, P.JJ., GREENLEE, WESTBROOKS, McDONALD, McCARTY AND EMFINGER, JJ., CONCUR. SMITH, J., NOT PARTICIPATING.**